## RICH CLAY v. THE STATE.

No. 3022.   Decided February 18, 1914.

**1.—Local Option—Charge of Court—Article 743.**

Under the amendment of article 743, Code Criminal Procedure, the exceptions and objections to a charge of the court must be filed at the time of the trial and before a verdict is rendered, unless the charge is so drawn as to prevent defendant from having a fair and impartial trial.

**2.—Same—Sufficiency of the Evidence—Ownership.**

Where, upon trial of a violation of the local option law, the evidence was sufficient to sustain the conviction, there was no error, and it is immaterial to whom the whisky belonged if defendant sold it.

**3.—Same—Newly Discovered Evidence—Affidavit.**

Where the motion for new trial, on account of newly discovered testimony, is not supported by the affidavit of the alleged newly discovered witness and no reason is assigned why such affidavit is not attached, there is no reversible error.

Appeal from the County Court of San Augustine. Tried below before the Hon. A. E. Davis.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and twenty days confinement in the county jail.

The opinion states the case.

*Wm. McDonald,* for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of selling whisky in violation of the prohibition law, and his punishment assessed at a fine of $100 and twenty days imprisonment in the county jail, from which judgment he prosecutes this appeal.

This case was tried November 18, 1913, and although he registered no exceptions to the charge as given at the time of the trial, yet in his motion for a new trial he seeks to complain of the charge of the court. Since the amendment of article 743 by the Thirty-third Legislature, the exceptions and objections to a charge as given must be filed at the time of the trial and before verdict rendered. It is too late to complain of the charge after verdict rendered, unless the charge is so drawn as to prevent appellant from having a fair and impartial trial. (Art. 743, Acts of Thirty-third Legislature, p. 278.)

While the evidence in this case is conflicting, yet Lige Johnson swears he purchased a quart of whisky from appellant and paid him $1.50 for it, and Fairley Lee swears he saw Johnson get the whisky, but says appellant told him the whisky belonged to Neal Trotti. It would be immaterial to whom the whisky belonged if appellant sold the whisky to Johnson and received the money for it. Under the evidence we will not disturb the verdict because of the conflict in the testimony.

The alleged newly discovered testimony is not supported by the affidavit of the alleged newly discovered witness, nor is there any reason assigned why his affidavit is not attached. Under such circumstances this presents no ground for a new trial. Love v. State, 3 Texas Crim. App., 501; Cotton v. State, 4 Texas, 260; Campbell v. State, 29 Texas, 490; Evans v. State, 6 Texas Crim. App., 513.

The judgment is affirmed.       *Affirmed.*