## DEWEY PATTERSON v. THE STATE.

### No. 5447. Decided October 15, 1919.

**1.—Carrying Pistol—Sufficiency of the Evidence—Argument of Counsel.**

Where the prosecuting attorney commented on evidence which was not objected to there was no error, and the evidence being otherwise sufficient to sustain the conviction there was no reversible error.

**2.—Same—Newly Discovered Evidence—Motion for New Trial—Affidavit.**

Where the motion for new trial was not accompanied by any affidavit of the alleged new witnesses, and a failure to produce them at the trial was not sufficiently accounted for, there was no reversible error. Following West v. State, 2 Texas, 209; besides, the alleged absent testimony was purely for the purpose of empeachment. Following Gibbs v. State, 1 Texas Crim. App., 12.

**3.—Same—Witness Under Rule—Discretion of Court.**

Where defendant complained that a witness who was under the rule was permitted to testify after violating the rule, but the bills of exceptions failed to disclose the nature of the evidence given by the witness, and the record failed to show any breach by the court of the sound discretion vested in him with reference to matters of this kind, there was no reversible error.

Appeal from the County Court of Red River. Tried below before the Hon. R. J. Williams.

Appeal from a conviction of unlawfully carrying pistol; penalty, a fine of two hundred dollars.

The opinion states the case.

No brief on file for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The appeal is from a conviction of unlawfully carrying a pistol. The evidence is conflicting. State's witness Vickers testifying specifically that the appellant was in possession of the pistol, and that he took it out of his trousers and struck the witness on the head with it; while the appellant testified that he had no pistol, but struck the witness with a stick. The statement of facts affirmatively shows that the witness Vickers exhibited to the jury a wound made upon his forehead by the blow he received. This evidence was not objected to, and its presence in the record warranted the prosecuting attorney in making comment upon it in his argument.

The contention in the assignment and motion for a new trial, claiming discovery of new evidence, cannot be sustained. The alleged new evidence was to prove that one of the State's witnesses who testified to the offense was not present at the time of the occurrence. The motion is not accompanied by any affidavit of the new witnesses, nor is failure to produce them at the trial sufficiently accounted for. See Branch's Annotated Penal Code, Sec. 192 and Sec. 195. See West v. State, 2 Texas 209, and other cases referred to in the sections mentioned. For these reasons no abuse of the court's discretion in passing upon the motion for a new trial is shown, and the assignment is not well taken for the additional reason that the absent testimony was purely for the purpose of impeachment. See Gibbs v. State, 1 Texas Crim. App., 12; and other cases cited, Branch's Annotated Penal Code, Sec. 202.

A bill of exceptions complains that one of the witnesses who was under the rule was permitted to testify after violating the rule. The qualifications of the bill show that the witness before giving his testimony was interrogated, and declared that he had heard none of the testimony, and that after making this declaration the appellant made no further objection to the witness giving testimony. The bill fails to disclose the nature of the evidence given by the witness, and in that particular is incomplete. Aside from this, however, the record fails to show any breach by the court of the sound discretion vested in him with reference to matters of this kind. See Branch's Annotated Penal Code, Sec. 344 and cases listed.

We find nothing in the record justifying reversal of the judgment, and it is accordingly affirmed.

*Affirmed.*