Herbert Skewis v. The State.

No. 8071.   Decided January 9, 1924.

1.—Aggravated Assault—Evidence—Detailed Statement.

Where, upon trial of aggravated assault upon a girl six years of age, the State was permitted to prove that when the child told her aunt and mother of the occurrence she gave them the details of same, and those details were

narrated from the witness stand by the aunt upon the trial of the case, the same is reversible error. Following Douglas v. State, 165 S. W. Rep., 933.

**2.—Same—Motion for New Trial—Newly Discovered Evidence.**

Where the mother of the child testified that when she saw appellant he denied any undue familiarity with the child and called on her to corroborate her story but the child told him that he did do it, and in support of his motion for a new trial based in part on newly discovered evidence, defendant presented the affidavit of a witness to the effect that the child said that the defendant did nothing to her and other children who were present during the alleged assault were not called as witnesses for the State, nor their absence accounted for, the judgment must be reversed and the cause remanded.

Appeal from the County Court of Harris County. Tried below before the Honorable Roy F. Campbell.

Appeal from a conviction of aggravated assault; penalty, one year confinement in the County jail.

The opinion states the case.

No brief on file for appellant.

*Grover C. Morris,* Assistant Attorney General, and *John W. Berry* and *W. P. Castle,* Assistant District Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the County Court at Law No. 2 of Harris County of an aggravated assault, and his punishment fixed at one year in the county jail.

We gather from the record that, according to the State's contention, on the day in question three children went to where appellant was and that he took one of them, a girl six years of age, and placed her upon a pile of boxes and placed his privates between her legs and then put his tongue in her mouth. He then released her and the children went away and this particular child reported the occurrence later to her mother and aunt. They returned to the place where appellant was at work and, according to the aunt's testimony, accused him of tampering with the child which he denied. It is also in testimony that he asked the child in the presence of the aunt and mother if he had done anything to her. He asserts that the child said he had not. The aunt testifies that the child told him that he had.

By bill of exceptions complaint is made that the State was permitted to prove that when the child told her aunt and mother of the occurrence she gave them the details of same and those details were narrated from the witness stand by the aunt, upon this trial. In Douglass v. State, 73 Texas Crim. Rep., 385, 165 S. W. Rep., 933, we held it erroneous to permit testimony of the detailed statements of an eight year old child, not shown to be a part of the res gestae. Other authorities of similar import appear in subdivision 26, Art. 1063, Vernon's P. C.

As above stated, the aunt testified that she and the child's mother went to see appellant and that he denied any undue familiarity with the child and called on her to corroborate his story, but the child told him that he did do it. In support of the motion for new trial based in part on newly discovered evidence, appellant presented the affidavit of a witness to the effect that he heard this conversation between the aunt and mother of the child and the accused, and he states that he heard the child say on that occasion that appellant did nothing to her. The evidence is unsatisfactory. It appears that two other children were present when it is claimed that appellant put his privates between the legs of the little girl. Their ages are not shown, nor are they used as witnesses, nor their absence accounted for.

The judgment should be reversed for these errors and it is so ordered.

*Reversed and remanded.*