WAYNE ROPER v. THE STATE.

No. 13246. Delivered June 18, 1930.
Rehearing denied October 15, 1930.
Reported in 31 S. W. (2d) 438.

The opinion states the case.

*R. H. Cocke* of Wellington, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for rape; punishment, ten years in the penitentiary.

The indictment contained two counts, one charging rape upon a female under the age of consent, and the other charging rape by force. The conviction was for rape upon a girl under the age of consent. The testimony without contradiction showed prosecutrix to be under fifteen years of age at the time of the alleged rape. She was born June 29, 1914. This alleged rape was in 1928. She testified positively to the fact of appellant's penetration of her person. She reported the occurrence to her people as soon as she reached home on the night of the alleged rape. She was taken before a doctor the next day who examined her and said there were bruises on her limbs and that her hymen was ruptured, to that extent showing penetration. He said he could not state positively that the rupture of the hymen had occurred in the last forty-eight hours, but expressed that as his opinion. Another doctor who examined her the second day after the occurrence also testified that her hymen was ruptured, and he further said that he could not tell whether the rupture had occurred within forty-eight hours or not. That appellant was out with prosecutrix alone in a car on the night in question was fully established by the witnesses.

Appellant's first bill of exception is in question and answer form and therefore can not be considered. McKee v. State, 93 Texas Crim. Rep. 217. Bill No. 2 sets out merely that the court erred in overruling appellant's motion to quash the special venire, to which appellant excepted. The motion to quash is not set out in the bill either in form or substance. No testimony, if any, offered

in support of the motion appears in the bill. Nothing is set forth except the mere statement of the fact that the court erred in overruling the motion. Such a bill is not sufficient to bring anything before us for review. In Smith v. State, 90 Texas Crim. Rep. 29, Judge Hawkins for this court, after setting out the meager recitals of the bill of exceptions under consideration, said:

"This is all there is to the bill. It nowhere undertakes to show how this testimony was pertinent to any issue in the case. It is not the duty, nor does the law require, this court to search through the record in order to determine whether or not a matter complained of in an insufficient bill presents error. The bill must within itself show error on the part of the trial court. It must sufficiently set out the proceedings and attendant circumstances, to enable this court to know certainly that an error was committed. Thompson v. State, 29 Texas Crim. App. 208; Spencer v. State, 61 Texas Crim. Rep. 62; Oliver v. State, 65 Texas Crim. Rep. 150, 144 S. W. Rep. 604; Baker v. State, 67 Texas Crim. Rep. 476, 145 S. W. Rep. 607; Mauney v. State, 85 Texas Crim. Rep. 184."

See also Morris v. State, 96 Texas Crim. Rep. 605; Hughes v. State, 100 Texas Crim. Rep. 530; Pye v. State, 91 Texas Crim. Rep. 158. The bill of exception should set out the motion if made. Betts v. State, 71 Texas Crim. Rep. 204. Also the evidence, if any heard by the court relative thereto. Patterson v. State, 85 Texas Crim. Rep. 643. Also contain in itself a showing of the circumstances from which error would appear. White v. State, 96 Texas Crim. Rep. 396.

Bills of exception 3, 4 and 5 complain of argument on behalf of the State. We see no advantage to be derived from setting out the argument complained of in any of the bills. There was in neither any statement of facts aside from the record, nor any misstatement of the facts in the record, nor any abuse or such appeal to the passions or prejudices of the jury as would call for any reversal.

Bill of exception No. 6 complains of a question asked prosecuting witness by the district attorney. He asked her to look at the jury and tell them if she fought appellant and used every ounce of strength she had as long as she could. We do not think this called for a conclusion of the witness such as she was not able to give, nor that it was such invasion of the province of the jury as to make it seriously objectionable. Conviction was not for rape by force.

We have examined the exceptions to the court's charge. Most of the charge complained of related to matters bearing upon the

second count, under which there was no conviction. There was no controversy in testimony over the age of prosecutrix, and no necessity for any submission to the jury of issues based on her previous chaste character.

Finding no error in the record, and believing the conviction amply supported by the testimony, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant challenges our original opinion as being incorrect in many particulars. The record has been again examined in the light of the motion. The questions raised were discussed exhaustively and authorities cited which in our judgment sustain the conclusion heretofore expressed. We see no reason to change our views.

The motion for rehearing is overruled.

*Overruled.*