SAM MCMICHAEL V. THE STATE.

No. 15008.   Delivered March 9, 1932.

The opinion states the case.

*Adams & McAlister,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for assault with intent to murder.  Punishment was assessed at confinement in the penitentiary for five years.

The name of the injured party was George Moore.  The assault occurred on the morning of the 22nd of June.  Moore was in the employ of a construction company as paymaster.  He was sent to Rusk on the 21st day of June to take up his duties there for the company.  Appellant was an employe of the company and had been discharged.  On the morning of the 22nd of June he went to Moore's office and demanded a check for his money.  According to Moore's testimony he told appellant he would have to wait until the superintendent came in as the check would not be good until countersigned by him; that it was of no value until signed by both Moore and the superintendent.  This seems not to have been satisfactory to appellant.  Moore left the office and was followed back by appellant; another party was in the office with Moore at the time and appellant left.  From Moore's testimony it seems that appellant secreted himself on the stairway and when Moore left the office the second time he was attacked by appellant, who cut him several times.  The main wound penetrated the abdomen and the intestines protruded

from the wound. Moore was immediately taken to a hospital and there operated on. The doctor described the wound as one which would have proved fatal unless Moore had received immediate and proper attention, and said he came very near dying as it was. Appellant's testimony upon the trial was that Moore came at him with a pair of "knucks" and that he was acting in self-defense. Immediately after the cutting appellant fled. The alarm was given, and appellant was seen coming around the corner of a store in the rear of which there was a considerable area of weeds and grass. Upon immediate search being made at that point a knife was recovered which had blood on the blade. This knife was introduced in evidence by the state. A physician testified that the knife was one with which a wound could be inflicted that would likely cause death "and have several inches to spare".

The only questions necessary to discuss arise upon appellant's motion for new trial in which he sets up misconduct of the jury and newly discovered evidence.

The alleged misconduct of the jury seems to have been based upon the following incident. In the examination of a character witness for appellant a question was asked him which indicated that appellant had at some time chased an old man across the square with a knife or pistol. At the close fo the district attorney's argument appellant's mother arose from her place as a spectator in the court room and said that appellant had never chased an old man across the square with a knife or a pistol. Appellant alleged in his motion for new trial that a juror had said that appellant should be given five years on account of his mother's conduct. This averment was not supported by the testimony of the jurors. Some of them said they heard the statement attributed to her, others said they heard her say something, but did not know what it was. All of them say the incident was not referred to in the jury room at all during the deliberations on the case.

It has been held many times that where newly discovered evidence is claimed the affidavits of the newly discovered witnesses should be attached to the motion for new trial, unless good reason for a failure to secure them is shown. See many cases collated under section 197, Branch's Ann. Tex. P. C. The only reason appearing why the affidavits were not attached in the present instance is a statement in the motion to the effect that the affidavits were not attached because the attorney filing the motion was a stranger in the county and that it was impracticable to secure the affidavits of the witnesses. It was requested in the motion that the testimony of the witnesses be heard in open court. The reason given for the failure to attach the affidavits was not sufficient. However, the court received evidence of the witnesses upon a hearing of the motion. The claimed newly discovered evidence was that the knife producd by the state upon the trial was not the one with which the cutting

was done, but that the cutting was done with a much smaller knife, which it is claimed in the motion for new trial was thrown away by appellant near the point at which the other one was found. It was further averred in the motion that appellant had been in jail ever since the cutting occurred, but had told his mother and sister, and perhaps some other member of his family, prior to the trial, about where he had thrown this small knife. It appears that no search was made for the alleged small knife until after conviction. The testimony of the mother and sister upon the motion for new trial was to the effect that after diligent search the sister had discovered the small knife in question. It is also in evidence that the mother had gone to a disinterested party and requested him to go with her to look for a knife. Not desiring to get mixed up in the matter, he declined to go. It is also in evidence that at the time the knife is claimed to have been found appellant's sister called it to the attention of a negro who was near, and pointed it out to him before she picked it up. Although appellant saw the large knife which was described as having blood on it, and which was introduced in evidence and claimed by the state to be the one with which the cutting was done, appellant did not in his testimony given on the trial claim that this large knife was not the one with which the cutting was done. It was claimed by appellant's mother and sister that he had told them prior to the trial about having thrown away the knife with which he had done the cutting; he testified upon the hearing of the motion as follows: "I don't know who the first person was that I saw after the cutting. I don't know how much time passed after the cutting before I threw the knife away; it couldn't have been over 4 or 5 minutes. After I threw the knife away, I turned and came back up the street. I threw the knife away because I wanted to. You heard what I said, because I wanted to; that is the only reason I had for throwing it away. I don't know that I told any of them that I threw the knife away, I told them after I was locked up. *It was a week or two after my trial before I told anybody where I threw the knife.* The party I told it to was my brother. No one was with him at the time I told him. As to whether my sister, Donna, was with him when I told him, I was upstairs and it is pretty hard to see from there on the outside. I wouldn't say she was or was not present."

We find this further significant statement in the testimony of appellant's mother upon the hearing of the motion. The witness was evidently shown both the knife that was introduced at the trial and also the one claimed to have been found by appellant's sister after the trial. Regarding the one introduced in evidence upon the trial, the witness said: "I have seen Sam with that knife, it is his old knife. The last time I saw him with it was a long while ago, since in the spring. I don't know whether I saw him with it as late as the month of June or not—it was late in the spring. I don't know that Sam had any other knife but those

two. I don't know whether the knife that was introduced in evidence was the one that the cutting was done with or not, but it is Sam's knife."

The learned trial judge was fully justified in denying the motion for new trial based upon the claim of newly discovered evidence. If all the testimony regarding the small knife should have gone into the case upon another trial it is not likely that any different result would have been reached. If at any time during the trial upon the main case appellant had raised the question that the knife produced by the state was not the one used by him we would have had quite a different question. If in fact it was not the knife used appellant knew it at the time, but did not see fit to advise the jury regarding that matter.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*