# APRIL 21, 1937

## DWIGHT BEARD V. THE STATE.

No. 18736.   Delivered February 24, 1937.
Rehearing Denied April 21, 1937.

The opinion states the case.

*Leo Darley* and *Dave Weinstein,* both of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of murder, and his punishment was assessed at death.

The record before us shows that on the evening of December 23, 1935, while C. C. Scott, John Roberts, and a man by the name of Cason were sitting in Scott's office at his filling station, appellant came into the office with a pistol in his hand, rifled the cash register and attempted to rob Mr. Roberts. When Mr. Roberts resisted, appellant shot and killed him.

Appellant did not testify. His entire defensive theory rested upon the proposition that he was insane at the time of the commission of the offense.

By a motion in arrest of judgment and for a new trial appellant complained of the action of the trial court in permitting the district attorney on cross-examination of Mrs. Beard, the mother of appellant, who had theretofore testified to appellant's insanity, to elicit from her the fact that on several occasions she had seen appellant in the state penitentiary of North Carolina and also in permitting the State to prove by L. G. Whitley that he had been connected with the state penitentiary of North Carolina for a number of years, that while he was

so connected with said institution appellant was confined therein, that during said confinement he saw appellant and conversed with him frequently, at least, two or three times a week and in his opinion defendant was of sound mind. We find in his said motion in arrest of judgment and for a new trial a recitation that appellant objected to said testimony on the ground that it was irrelevant, immaterial, and prejudicial, but there is no certificate by the trial court that the matter set out therein actually occurred. A complaint of matters occurring during the trial cannot be brought forward for review by setting them out in a motion for a new trial and reserving an exception to the overruling of the motion. The record in this case appears to be in the same condition as the one in the case of Mier v. State, 120 Texas Crim. Rep., 397. Under the holding in that case we would be justified in declining to consider the matters complained of; but since in this case the death penalty has been imposed, the strict rule with reference to the sufficiency of bills of exception will not be applied.

It appears from the record that Mrs. Beard testified that appellant graduated from high school when he was nineteen years of age; that he attended a branch of the University of North Carolina at Raleigh for two years; that he came home at the end of two years, remained at home about one year, then left, and so far as this record shows never returned to the home of his parents. On the issue of insanity it is always pertinent to inquire into and ascertain what opportunity, if any, the witness had for observing and conversing with the alleged insane person, because the jury are the sole judges of the credibility of the witnesses and the weight to be given their testimony. At all events she testified without objection that she saw him one time while he was in prison at Asheville, North Carolina. The fact that appellant was a prisoner during a part of the time when it was claimed that his mind was impaired was incidentally developed in an effort to ascertain the extent of the witness' opportunity for observation of appellant. We think that the cases of Adams v. State, 34 Texas Crim. Rep., 470, and Cannon v. State, 41 Texas Crim. Rep., 467, by analogy support the views herein expressed. However, the court in his charge instructed the jury that the testimony of Mrs. Beard and L. G. Whitley with reference to the acts and conduct of the defendant while confined in the penitentiary could not be considered by them as any evidence against him as to his guilt, that said evidence was admitted for the purpose of aiding them, if it did so, in passing upon the weight to be given to the

opinion of said witnesses as to whether or not defendant was of sound or unsound mind; and if they considered it at all, they could consider it for that purpose only. We think the charge of the court adequately protected appellant in his legal rights.

All other matters complained of appear to have been raised for the first time in the motion for a new trial. If the appellant desired to object to the testimony of Scott to the effect that he gave up the money to appellant because he was in fear of his life or serious bodily harm, he should have interposed his objection at the time the witness testified and brought the matter forward by a proper bill of exception.

The matters complained of in the motion for a new trial, based on newly discovered evidence, show that the witness George Williams came from North Carolina, testified on the trial that he was a licensed physician, an expert on mental diseases, knew appellant in North Carolina, knew that he was of sound mind, and that he was of the opinion that appellant knew right from wrong. It is insisted by appellant that the alleged newly discovered evidence would show that the witness was not a licensed physician, but a quack; that his reputation in the state of North Carolina was bad, and that his entire testimony was false from start to finish. It was also averred that the appellant did not know that said Williams was going to give such testimony and he was unable to obtain the impeaching testimony until after the witness had testified. The appellant's motion for a new trial was contested. The court heard evidence thereon and at the conclusion thereof overruled the same. The testimony adduced upon the hearing of the motion is not before us; hence this court is not furnished the means by which to determine whether the trial court erred in his ruling. See Lopez v. State, 84 Texas Crim. Rep., 422; Behrens v. State, 99 Texas Crim. Rep., 56. It is a well established rule that a new trial will not be granted for newly discovered evidence that is merely impeaching in its nature. Moreover, no affidavits are attached to the motion for a new trial in support of the averments therein contained. See Patterson v. State, 85 Texas Crim. Rep., 643; Clay v. State, 73 Texas Crim. Rep., 78; Gomez v. State, 80 Texas Crim. Rep., 117.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists in his motion for rehearing that on the matters presented in connection with his motions for new trial and in arrest of judgment he was entitled to a new trial because of newly discovered evidence. We have looked through the record in vain to discover anything, aside from the motion for rehearing itself, which sustains the averments regarding the newly discovered evidence. The bill of exceptions complaining of the refusal of the motion for new trial is qualified at length by the learned trial judge, and his qualifications appear to us to correctly indicate that the matters set up as calling for a new trial are not sufficient for that purpose. This court can not give effect to letters written by people living in other states indicating that in the opinion of the writer certain matters can be ascertained and proved, which had not been ascertained and are not proved or brought before either the trial court or this court in such way as to lead us to conclude that the prayer for a new trial should have been granted.

Appellant makes much complaint about the argument of one of State's counsel, but we have searched the record without being able to find that at the time the argument was made an exception was taken thereto, or any request made that the jury not consider such argument. The mere bringing forward, in the motion for new trial, complaint of argument, will not take the place of an exception properly made at the time the argument was made, and when the matter is in the minds of the jury, and may be explained or corrected. We see nothing in the argument complained of which would furnish appellant the serious ground for complaint which he urges.

Appellant complains of our statement that his application for new trial was contested. We take from the court's qualification of appellant's bill of exceptions No. 1 the following statement: "Upon the hearing of motion for new trial and the motion in arrest of judgment, evidence was introduced and said evidence showed conclusively," etc., etc.

We have examined each one of appellant's complaints appearing in his motion for rehearing but are not impressed with the soundness of his contentions. The motion for rehearing is overruled.

*Overruled.*