B. H. Chamberland, *alias* Buddy Chamberland v. State

No. 32,019. June 8, 1960

Motion For Rehearing Overruled October 19, 1960

*Herbert C. Martin,* Amarillo, and *Charles William Tessmer,* Dallas, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for unlawfully exhibiting a gaming table or bank; the punishment, 2 years in the penitentiary.

The state's testimony shows that on the night in question, Ranger Bill Hensley and Agent Chester Auten of the Department of Public Safety, while acting as undercover agents, went to the Steak House, a night club located near the City of Amarillo. After going inside, they were admitted into a room which was referred to in the testimony as the game room. When they entered, some forty people were in the room and a dice and black jack game was in progress. Appellant was standing at the dice table, behind a chip box, dealing chips to the ten or eleven players in the game. The table was covered with a spread marked with numbers and fully equipped as a "dice layout" for a dice game. During the game, the appellant, from his position behind the chip box, sold chips, paid off bets with chips and raked in the chips from the table when the players would lose. One Dorsey Selvidge was also at the table "sticking" the dice. While the game was in progress, Agent Auten gave the appellant a $10 bill and in return received from the appellant ten $1 chips. Appellant placed the money under the chip box and the officer proceeded to participate in the game.

Appellant did not testify but called as a witness his wife, whose testimony was, in substance, that appellant was not in the game room when the officers arrived but was in another part of the building at the time.

· Appellant questions the sufficiency of the evidence to support the conviction.

It is first contended that there is a fatal variance between the allegations and proof because the indictment charged appellant with directly keeping and exhibiting the gaming table and bank and the testimony showed that he was acting as an agent and employee of one Lester Davis. The indictment alleged that on or about the date named therein the appellant "did then and there unlawfully keep and exhibit for the purpose of gaming, a gaming table and bank." The issue of appellant's guilt was submitted to the jury under the allegation which charged that appellant did unlawfully exhibit the gaming table or bank. Art. 619, V.A.P.C. under which appellant stands convicted, in defining the offense, provides in part "If any person shall directly, or as agent or employee for another, or through any agent or agents, keep or exhibit for the purpose of gaming, any gaming table, bank * * * * he shall be confined in the penitentiary, etc." The statute prescribes the different ways by which the offense may be committed and they are not distinct and separate offenses. Stevens v. State, 70 Tex. Cr. R. 565, 159 S. W. 505. The evidence in the present case is sufficient to show that appellant did exhibit the gaming table and bank. Proof that appellant was acting as an agent and employee of another did not constitute a fatal variance with the allegation in the indictment that he did unlawfully exhibit the gaming table and bank. Whether he was acting for himself or as agent and employee of another he was exhibiting the same.

It is next contended that the evidence fails to show that appellant exhibited a "bank" because it was not shown that the chips used in the game were redeemable in money. The testimony clearly shows that the chips used in the game had a monetary value. The proof that appellant was standing behind the box of chips and that he paid off and collected bets with chips used in the game was sufficient to show that he exhibited a bank as denounced by the statute. It was shown that the game was run on the principle of one against the many and the evidence is sufficient to sustain the conviction.

Appellant insists that reversible error was committed by the assistant district attorney when, in his closing argument to the jury, he stated:

"We are trying this man (referring to the appellant) as a professional gambler." * * * "If you permit such

gambling devices as this to ply in our city, there will be hundreds of other women and children go hungry because of their supporters trying to beat this sixty forty game, where the house gets sixty per cent * * * ."

Appellant's objection to the argument was by the court overruled.

We find no reversible error in the argument.

Appellant was assessed the minimum punishment.

The reference by state's counsel to the appellant as a professional gambler was a reasonable deduction from the evidence and therefore did not constitute error. Miller v. State, 163 Tex. Cr. R. 381, 292 S. W. 2d 108.

The reference by counsel to the game as "this sixty-forty game" is, contrary to appellant's contention, supported by the evidence in the case.

Appellant also complains of the court's refusal to grant his motion for new trial on the ground of newly discovered evidence. The motion was insufficient in that it was not supported by the affidavit of the alleged new witness and the failure to obtain the affidavit was not accounted for. McMichael v. State, 120 Tex. Cr. R. 25, 47 S. W. 2d 283 and Beard v. State, 132 Tex. Cr. R. 294, 104 S.W. 2d 37. Moreover, the record does not contain a statement of facts of the evidence which was adduced upon the hearing of the motion. In the absence thereof we are unable to pass upon the propriety of the court's ruling in overruling the motion.

We have examined the court's charge in the light of appellant's objections and find no error therein.

We find no merit in appellant's contention that, because the evidence showed that he was acting as an agent and employee in the transaction, the court erred in charging the jury on the law of principals and authorizing the jury to convict the appellant as a principal under the instruction given in the charge. As we have heretofore pointed out, whether appellant was acting for himself or as an agent and employee in exhibiting the gaming table and bank he would be guilty as a principal in the commission of the offense.

The court did not err in refusing to submit to the jury as an affirmative defense an instruction to acquit the appellant if it believed that he did not exhibit the gaming table and bank. Such instruction would have submitted nothing more than the issue of "not guilty" and was not an affirmative defense. Gilmore v. State, 158 Tex. Cr. R. 534, 257 S. W. 2d 300 and Kirkland v. State, 162 Tex. Cr. R. 424, 285 S. W. 2d 743. The charge as given by the court adequately protected the appellant's rights.

Other contentions urged by appellant have been considered and do not present error.

The judgment is affirmed.

Opinion approved by the Court.