**Chester Lacy WHATLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45453.**

Court of Criminal Appeals of Texas.

Nov. 29, 1972.

Rehearing Denied Jan. 17, 1973.

Lloyd W. Westerlage, Dallas, for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for fondling. Punishment was assessed by the jury at twenty-five years.

At the outset, appellant contends that the court failed to properly examine the competency of three minor children who testified adversely to appellant.

Appellant complains that the court failed to conduct an examination into the competency of prosecutrix, aged eleven, and two other children, aged nine and eleven, in accordance with Article 38.06, Vernon's Ann.C.C.P. The pertinent portion of Article 38.06, V.A.C.C.P., provides:

"All persons are competent to testify in criminal cases except the following:
" . . .

"2. Children or other persons who, after being examined by the court, appear not to possess sufficient intellect to relate transactions with respect to which they are interrogated, or who do not understand the obligation of an oath."

■ No objection was made to the competency of the witnesses.[1] In Morgan v. State, Tex.Cr.App., 403 S.W.2d 150, this court held that Article 38.06, V.A.C. C.P., does not require the preliminary examination of a child as a witness where her competency was not raised in the trial court. See Cannon v. State, Tex.Cr. App., 458 S.W.2d 66. No error is shown.

■ Appellant contends that the evidence was insufficient to sustain the conviction.

The indictment charged appellant "with lascivious intent, knowingly and intentionally placed his hands against a sexual part, to-wit: the vulva, of . . ., a female under the age of fourteen years."

After prosecutrix had testified that appellant "put his hands between my legs," the following testimony was elicited from prosecutrix:

"Q. All right, now, where did he put his hands between your legs, . . ?

"A. Where I use the restroom.

"Q. All right, did he do anything with his finger as he had his hand between your legs, where you use the restroom?

"A. He twisted it.

"Q. Twisted his fingers?

"A. Yes.

"Q. Okay now, you refer, . . .— Well, you are referring, . . ., to when he, the man put his hand up there between your legs and rubbed, moved his fingers, referring to the sexual private parts of your body, is that correct?

"A. Yes."

Appellant urges that since the indictment alleged that appellant placed his hand against the vulva of the prosecutrix, the State was bound to prove that the appellant did in fact place his hand on the vulva of proescutrix as alleged.

In Mounce v. State, Tex.Cr.App., 432 S.W.2d 104, this court held that "The testimony that the appellant placed his hands on the sexual private parts of the prosecutrix was sufficient to sustain such allegation," the allegation in the indictment having been that the defendant had placed his hands on the sexual parts, to-wit: the vulva.

In Ball v. State, 163 Tex.Cr.R. 214, 289 S.W.2d 926, this court concluded that prosecutrix's testimony that defendant put his hand on her leg and on her privates was sufficient to support the indictment charging that appellant had "placed his hand against the sexual part, to wit: the vulva."

In Thomas v. State, Tex.Cr.R., 399 S. W.2d 555, it was held: "The testimony of the prosecutrix that appellant placed vaseline on her privates . . . is sufficient to sustain the allegation in the indictment that he placed his hand against her 'sexual part, to wit; the vulva.'"

We find the testimony of the prosecutrix in the instant case sufficient to sustain the allegations in the indictment.

■ Appellant's complaint that the State asked the prosecutrix a leading and suggestive question when it was inquired if her answer meant "referring to the sexual parts, the private sexual parts of

1. Appellant urges in his brief that the "capability" of the eleven-year-old witness (other than prosecutrix) was challenged. Counsel for appellant objected to the testimony of the witness, stating his objection "goes to the capability of the witness." After the jury was retired in order that appellant might state his ob-jection, appellant urged that the witness not be allowed to testify about appellant fondling her since no charges were filed against appellant and that the effect of the testimony would be to prejudice the jury. Such objection does not raise the question of the competency of the witness to testify.

your body, is that correct?" is without merit. No objection having been made to the question, nothing is presented for review. Kalmbach v. State, Tex.Cr.App., 481 S.W.2d 151; Witt v. State, Tex.Cr.App., 475 S.W.2d 259; Parsley v. State, Tex. Cr.App., 453 S.W.2d 475; Garcia v. State, Tex.Cr.App., 428 S.W.2d 334.

■ Appellant challenges the sufficiency of the evidence on the proposition of law announced in Skewis v. State, 96 Tex.Cr.R. 396, 257 S.W. 896, where it was held that evidence was insufficient to sustain conviction for aggravated assault upon a child where two other children were present when the assault occurred and they were not used as witnesses, nor their absence accounted for. In the *Skewis* case, insofar as the opinion reflects, the only testimony came from an aunt of the child who related what had been told her by the child. In the instant case, the victim testified, as did her nine-year-old cousin. Prosecutrix's cousin testified "He (appellant) put his hand somewhere where she (prosecutrix) used the restroom." Appellant points to the testimony of prosecutrix's nine-year-old cousin that his brother and the prosecutrix were present and to the testimony of prosecutrix where she states that her cousin and one other person "was out there." Under the foregoing circumstances, we perceive no error by virtue of the fact that one or two other children who were present at the time in question were not called as witnesses by the State.

■ Appellant contends the court erred in permitting testimony concerning corporation court convictions at the penalty stage of the trial. In support of this contention, appellant cites us to that portion of Article 37.07, V.A.C.C.P., ,which provides: "The term prior criminal record means a final conviction in a court of record . . ."

Appellant complains of the testimony of Officer Wagner, wherein he testified that appellant was arrested for vagrancy and resisting arrest. The record reflects the following occurred at the penalty stage of the trial during cross-examination of Officer Wagner:

"Q. (appellant's counsel) . . . and how did you arrive at the determination that Chester Lacy Whatley, the defendant in this matter, is not a peaceful, law-abiding citizen?

"A. In that particular case there was an arrest involved, which caused me to check the man's past record.

"Q. The nature of the arrest, officer, what was the arrest?

"A. It was a vagrancy case and resisting arrest."

The complained of testimony was clearly elicited by appellant's counsel. No error is shown.

■ Appellant urges that the cross-examination of him by the State was error when it was asked if he had been convicted for the offense of simple assault and received a $10.00 fine.

No objection was made to the complained of question and thus nothing is presented for review. Kalmbach v. State, supra; Witt v. State, supra; Parsley v. State, supra; Garcia v. State, supra. The fact that the court granted appellant's motion in limine prior to trial requesting exclusion of such evidence does not preserve error without objection being made during trial. Brazzell v. State, Tex.Cr.App., 481 S.W.2d 130; Thomas v. State, Tex.Cr.App., 477 S.W.2d 881; Blassingame v. State, Tex.Cr. App., 477 S.W.2d 600. Further, see and compare Ramos v. State, Tex.Cr.App., 419 S.W.2d 359, as to admissibility of prior simple assault convictions.

■ The appellant contends the court erred in permitting the State at the penalty

stage of the trial to question a witness regarding a no-bill of the appellant on two statutory rape cases after the court had sustained appellant's motion in limine that such testimony not be offered by the State.

The complained of testimony came during redirect examination of Officer Adamcik:

"Q. Detective Adamcik, do you know why the defendant was no-billed in those two statutory rape cases?

"A. Yes, sir, I do.

"Q. All right, and what was the reason?

"A. The family of the little girls did not want to, did not wish to carry this case to court."

On cross-examination of Officer Adamcik by appellant *prior* to the complained of redirect examination, the following occurred:

"Q. Have you ever had an occasion to investigate this defendant for a charge of rape?

"A. I did.

"Q. What was the disposition of the case, Officer?

"A. I believe the case was no-billed."

The foregoing testimony reflects that appellant injected the matter of the prior rape charge into the trial.

Even if appellant had not gone into the matter of the prior rape charge, no error would be preserved for review, absent an objection being made when such testimony was offered. Brazzell v. State, supra; Thomas v. State, supra; Blassingame v. State, supra.

The judgment is affirmed.

Opinion approved by the Court.