TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00487-CR







Donald Ray Trowbridge, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY


NO. 453356, HONORABLE DAVID PURYEAR, JUDGE PRESIDING







 Appellant Donald Ray Trowbridge was convicted of the offense of operating a motor
vehicle in a public place while intoxicated. See Tex. Penal Code Ann. § 49.04 (West Supp. 1998). 
Appellant pled true to an allegation that he had been previously convicted of operating a motor vehicle
while intoxicated, and the jury assessed appellant's punishment at confinement in the county jail for one year
and a fine of $1,000.

 Appellant, in his sole point of error, asserts that "the trial court abused its discretion in
overruling appellant's motion for new trial in that appellant suffered a materially unfair trial when certain
members of the jury venire withheld information on voir dire which demonstrated bias and prejudice on
their part and by such withholding of said information deprived appellant of the opportunity to knowingly
and intelligently exercise challenges for cause or peremptory strikes." We will overrule appellant's point
of error and affirm the trial court's judgment.

 Appellant filed a motion for new trial and alleged the matter that he presents in his point of
error. The motion was "presented" to the trial court. See Tex. R. App. P. 21.6. The trial court set a
hearing date of May 5, 1997 at 9:00 a.m. The record does not show that a hearing was had on that or any
other day. The trial court did not rule on the motion and it was overruled by operation of law.

 Although the motion for new trial was verified by trial counsel, it was neither signed nor
sworn to by the appellant; it was not supported by an affidavit or affidavits, and there was a failure to
account for the absence of a supporting affidavit or affidavits. Therefore, the motion was insufficient. See
State v. Davenport, 866 S.W.2d 767, 772 (Tex. App.--San Antonio 1993, no pet.).


 There was a verification by appellant's counsel, but there was no affidavit of the movant
or of any witness. Absent the affidavit and the failure to account for its absence, the
motion was insufficient. Chamberland v. State, 338 S.W.2d 726, 728 (Tex. Crim. App.
1960). To avoid fishing expeditions, the motion for new trial should be supported by an
affidavit showing the truth of the grounds of attack. Reyes v. State, 849 S.W.2d 812, 816
(Tex. Crim. App. 1993); McIntire v. State, 698 S.W.2d 652, 658 (Tex. Crim. App.
1985), particularly where the matters alleged are not determined from the record. Id.



Id. at 772; see Penny v. State, 880 S.W.2d 59, 62 (Tex. App.--Dallas 1994, no pet.); Reed v. State,
841 S.W.2d 55, 57 (Tex. App.--El Paso 1992, pet. ref'd). 

 Furthermore, a motion for new trial even when supported by an affidavit is merely a
pleading; it does not prove itself. See Moore v. State, 700 S.W.2d 193, 204 (Tex. Crim. App. 1985);
Duggard v. State, 688 S.W.2d 524, 529 (Tex. Crim. App. 1985), overruled on unrelated ground,
Williams v. State, 780 S.W.2d 802, 803 (Tex. Crim. App. 1987); Oestrick v. State, 939 S.W.2d 232,
235 (Tex. App.--Austin 1997, pet. ref'd); Mattox v. State, 874 S.W.2d 929, 936 (Tex. App.--Houston
[1st Dist.] 1994, no pet.); Martin v. State, 823 S.W.2d 395, 397 (Tex. App.--Texarkana), pet. ref'd,
830 S.W.2d 137 (Tex. Crim. App. 1992).

 Moreover, the record does not show that appellant took any affirmative steps to get a
hearing on his motion for new trial. See Grimes v. State, 349 S.W.2d 598, 599 (Tex. Crim. App. 1961);
Brooks v. State, 894 S.W.2d 843, 847 (Tex. App.--Tyler 1995, no pet.); Martin, 823 S.W.2d at 397.

 The record on appeal does not show the error claimed by appellant and does not show
that the trial court abused its discretion in not ruling on the motion or in allowing the motion to be overruled
by operation of law. Appellant's point of error is overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Powers, Kidd and Dally*

Affirmed

Filed: July 2, 1998

Do Not Publish


* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).



ated bias and prejudice on
their part and by such withholding of said information deprived appellant of the opportunity to knowingly
and intelligently exercise challenges for cause or peremptory strikes." We will overrule appellant's point
of error and affirm the trial court's judgment.

 Appellant filed a motion for new trial and alleged the matter that he presents in his point of
error. The motion was "presented" to the trial court. See Tex. R. App. P. 21.6. The trial court set a
hearing date of May 5, 1997 at 9:00 a.m. The record does not show that a hearing was had on that or any
other day. The trial court did not rule on the motion and it was overruled by operation of law.

 Although the motion for new trial was verified by trial counsel, it was neither signed nor
sworn to by the appellant; it was not supported by an affidavit or affidavits, and there was a failure to
account for the absence of a supporting affidavit or affidavits. Therefore, the motion was insufficient. See
State v. Davenport, 866 S.W.2d 767, 772 (Tex. App.--San Antonio 1993, no pet.).


 There was a verification by appellant's counsel, but there was no affidavit of the movant
or of any witness. Absent the affidavit and the failure to account for its absence, the
motion was insufficient. Chamberland v. State, 338 S.W.2d 726, 728 (Tex. Crim. App.
1960). To avoid fishing expeditions, the motion for new trial should be supported by an
affidavit showing the truth of the grounds of attack. Reyes v. State, 849 S.W.2d 812, 816
(Tex. Crim. App. 1993); McIntire v. State, 698 S.W.2d 652, 658 (Tex. Crim. App.
1985), particularly where the matters alleged are not determined from the record. Id.



Id. at 772; see Penny v. State, 880 S.W.2d 59, 62 (Tex. App.--Dallas 1994, no pet.); Reed v. State,
841 S.W.2d 55, 57 (Tex. App.-