The STATE of Texas, Appellant,

v.

William DAVENPORT, Appellee.

No. 04-93-00071-CR.

Court of Appeals of Texas,
San Antonio.

Nov. 30, 1993.

Melissa Barlow, Asst. Criminal Dist. Atty., San Antonio, for appellant.

Robert E. Etlinger, San Antonio, for appellee.

Before BIERY, RICKHOFF and ONION,[1] JJ.

1. Presiding Judge, Retired, Court of Criminal Appeals sitting by assignment pursuant to Tex. Gov't Code Ann. § 74.003(b) (Vernon 1988).

## OPINION

ONION, Justice (Retired).

This appeal is taken by the State from an order of the trial court granting a new trial. Tex.Code Crim.Proc.Ann. art. 44.01(a)(3) (Vernon Supp.1993). The State advances three points of error. It contends that the trial court erred in granting appellee's motion for new trial based (1) on the insufficiency of the evidence and (2) on newly discovered evidence because no hearing was held on the motion for new trial. In the third point of error, the State contends that the trial court erred in imposing an "illegal sentence."

The record presents a convoluted procedural situation. Appellee William Davenport was charged by complaint and information with the offense of assault causing bodily injury. On January 11, 1993, appellant waived trial by jury and entered a plea of "not guilty" to the information against him. The complaining witness, Lana Davenport, the recently divorced wife of the appellee, testified as to the assault made upon her by appellee on March 28, 1992, while they were still married. Sharon Shaw testified that Lana Davenport was in pain when she appeared at the Shaw home in the early morning hours of March 28, 1992. Shaw took the complaining witness to the hospital. The defense rested with the State. The trial court found appellee "guilty of the offense of assault causing bodily injury." Without proceeding to the penalty stage of the required bifurcated trial, Tex.Code. Crim.Proc.Ann. art 37.07 (Vernon 1981 & Supp.1993), the trial court asked the prosecutor for a recommendation as to punishment. Rejecting the recommendation, the trial court assessed punishment at "zero fine, zero court costs and six months deferred adjudication."

■ On January 29, 1993, appellee filed a motion for new trial alleging newly discovered evidence and challenging the sufficiency of the evidence claiming that "the verdict[2]

reached in this cause is contrary to the law and evidence adduced at trial." On the same day, the trial court signed an order granting a new trial. The order stated that the "Court is of the opinion that [the motion] should in all things be granted." The State contends that the motion was granted without notice to the State and without a hearing.[3]

On February 9, 1993, the State filed its notice of appeal from the order granting a new trial. On February 11, 1993, this court granted the State's application for a stay of further proceedings in the trial court pending disposition of the appeal. Tex.Code Crim. Proc.Ann. art. 44.01(e) (Vernon Supp.1993). The trial court responded by letter stating that the motion for new trial had been granted without proper notice to the State and that the trial court had relied "only on defense counsel's written motion which was in error." The trial court also responded that the State had now been informed of the trial court's intention to vacate the order "and set the matter for hearing because there was no record made of this proceeding." This Court refused to lift the stay order.

> [W]hen in its opinion the best interest of society and the defendant will be served, the court may, *after receiving a plea of guilty or plea of nolo contendere,* hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings *without entering an adjudication of guilt,* and place the defendant on probation.

Tex.Code Crim.Proc.Ann. 42.12, § 5(a) (Vernon Supp.1993) (emphasis added).

■ By its very terms the option of deferred adjudication is limited to defendants who plead guilty or nolo contendere, *Reed v. State,* 644 S.W.2d 479, 483 (Tex.Crim.App. 1983), and the trial court must not enter an adjudication of guilt. In the instant case,

---

2. "Verdict" has a statutory definition. "A 'verdict' is a written declaration by a jury of its decision of the issue submitted to it in the case." Tex.Code Crim.Proc.Ann. art. 37.01 (Vernon 1981). "Verdict" by definition does not apply to a trial court's decision. The word, however, is used loosely in the statutes and case law.

3. The motion has a "Certificate of Service" attached certifying that a copy of the motion for new trial was served on the State on January 29, 1993. The time of day that such service was had is not reflected. A fiat setting a hearing on the motion for January 29, 1993 bears no time frame for the hearing on that date. There is no statement of facts from any such hearing in this appellate record.

appellant entered a plea of not guilty, and at the conclusion of the guilt/innocence stage of the trial, the trial court found appellee guilty. Instead of proceeding to the punishment phase of the trial, the trial court placed appellant on deferred adjudication.[4] This is not a situation where, prior to granting deferred adjudication, the trial court withdrew its adjudication of guilty and permitted the defendant to withdraw his plea of guilty or nolo contendere. *See State v. Sosa,* 830 S.W.2d 204, 205 (Tex.App.—San Antonio 1992, pet. ref'd).

■ In placing appellee on deferred adjudication, the trial court acted without the authority of law. If the punishment is not authorized by law, the portion of the order imposing that punishment is void. *Heath v. State,* 817 S.W.2d 335, 336 (Tex.Crim.App. 1991).

■ If a defendant is not pleased with the court's action deferring adjudication of guilt, he may request final adjudication of guilt by filing a written motion within thirty days after entering his plea of guilty or nolo contendere and the deferment of adjudication. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(a) (Vernon Supp.1993). Moreover, a defendant may now appeal a grant of deferred adjudication "probation" even though he has not been adjudicated guilty. *Dillehey v. State,* 815 S.W.2d 623, 626 (Tex.Crim.App. 1991) (interpreting TEX.CODE CRIM.PROC.ANN. art. 44.01(j) (Vernon Supp.1993)). We, however, find no provision in article 42.12 or elsewhere that gives a defendant placed on deferred adjudication "probation" the right to pursue a motion for new trial.

A 'new trial' is the rehearing after a finding or verdict of guilt has been set aside upon motion of an accused. Except to adduce facts of a matter not otherwise shown on the record, a motion for new trial is not a requisite to presenting a point of error on appeal. TEX.R.APP.P. 30(a).

■ Keeping in mind that in deferred adjudication proceedings there is no adjudication of guilty, Rule 30 applying to new trials in criminal cases has no application.

Rule 30 provides that a motion for new trial is to be filed and amended within thirty days after the "date sentence is imposed or suspended in open court." TEX.R.APP.P. 31(a)(1) & (2); *see also* TEX.R.APP.P. 31(c)(1) & (e)(1). "An order for a new trial, ... comes only after sentence is imposed in a completed trial. TEX.R.APP.PRO., Rule 31." *Rodriguez v. State,* 852 S.W.2d 516, 518 (Tex. Crim.App.1993). Even putting aside the attempted deferred adjudication, appellee's case was not in a posture to entitle him to file a motion for new trial. Thus, the trial court was without authority to grant a new trial.

If it can be argued that the trial court had jurisdiction of the parties and the subject matter of the litigation, we then conclude that the granting of the motion for new trial was an abuse of discretion on part of the trial court.

■ When the State appeals from an order granting a new trial, TEX.CODE CRIM. PROC.ANN. art. 44.01(j) (Vernon Supp.1993), the proper standard of appellate review is abuse of discretion. *State v. Gonzalez,* 855 S.W.2d 692, 696 (Tex.Crim.App.1993). In his motion for new trial, appellee raised the ground that the "verdict is contrary to the law and evidence." TEX.R.APP.P. 30(b)(9). This contention raised a challenge to the sufficiency of the evidence to sustain the conviction. *State v. Charlton,* 847 S.W.2d 443, 444 (Tex.App.—Houston [1st Dist.] 1993, no pet.)[5]

---

4. The record does not show an application for regular probation or deferred adjudication by appellant. The record does not reveal any request by appellant for deferred adjudication. The trial court acted sua sponte in deferring adjudication after appellee had been found guilty.

5. It is difficult to pursue this discussion without reference to *Moore v. State,* 749 S.W.2d 54 (Tex. Crim.App.1988). In *Moore* it was held that a

trial court did not have authority to rescind its order granting the defendant a new trial when the grant of the new trial was based *solely* on the insufficiency of the evidence to sustain the conviction. *Id.* at 58. Under the circumstances, the court did not have jurisdiction over the case because the grant of a new trial was equivalent to acquittal and "[t]o allow a trial judge to change his ruling and deny the motion having once granted it" would violate the principles of double jeopardy. *Id.; Rodriguez v. State,* 852

In *State v. Daniels*, 761 S.W.2d 42, 45 (Tex.App.—Austin 1988, pet. ref'd), the Austin Court of Appeals stated:

[a] motion for new trial based on insufficiency of the evidence presents a legal rather than a factual question, and the trial court must apply the same legal test employed on appeal. That is, the trial court must decide, after viewing the evidence in the light most favorable to the verdict, whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Carlsen v. State*, 654 S.W.2d 444, 448 (Tex.Cr. App.1983) (opinion on rehearing). If the evidence meets the standard, it is an abuse of discretion for the trial court to grant the motion for new trial.

The *Daniels* court further explained its holding:

[T]he trial court apparently believed the testimony of the officers, at least at the time it was offered, because it entered a verdict of guilt. When later presented appellee's motion for new trial challenging the sufficiency of the evidence to sustain this verdict, the trial court was no longer acting as trier of fact and thus was no longer free to weigh the evidence and judge the credibility of the witnesses. Instead, it was obligated to view the evidence in the light most favorable to the guilty verdict. [citing *Chase v. State*, 573 S.W.2d 247, 249 (Tex.Crim.App.1978) and *Rhodes v. State*, 427 S.W.2d 889, 892 (Tex.Crim. App.1968) ]. Because the testimony of the police officers is sufficient to establish beyond a reasonable doubt each element of the offense, the county court at law abused

its discretion by granting the motion for new trial.

*Id.* at 46; *see also State v. Charlton*, 847 S.W.2d 443, 444 (Tex.App.—Houston [1st Dist.] 1993, no pet.); *State v. Stacey*, 796 S.W.2d 520, 521–22 (Tex.App.—San Antonio 1990), *vacated on other grounds*, 819 S.W.2d 860, 861–62 (Tex.Crim.App.1991); *State v. Macias*, 791 S.W.2d 325, 329–30 (Tex.App.— San Antonio 1990, pet. ref'd).

 In the instant case, Lana Davenport and Sharon Shaw testified for the State and established each essential element of the offense charged. No other evidence was offered by appellee or the State. The trial court abused its discretion by granting a new trial based on the sufficiency of the evidence. Point of error one is sustained.

In point of error two, the State urges that the trial court erred in granting a new trial without a hearing when the motion was based a claim of newly discovered evidence.

 Motions for new trial based on newly discovered evidence are not favored by the courts and are viewed with great caution. *Drew v. State*, 743 S.W.2d 207, 225–26 (Tex. Crim.App.1987); *Ramirez v. State*, 830 S.W.2d 827, 828 (Tex.App.—Corpus Christi 1992, no pet.). The requirements for obtaining a new trial based on newly discovered evidence are:

(1) The newly discovered evidence was unknown to the movant at the time of his trial;

(2) the movant's failure to discover the evidence was not due to his want of diligence;

S.W.2d 516, 519 (Tex.Crim.App.1993). This would seemingly settle the matter in appellee's favor, since lack of a trial court's jurisdiction was the only basis by which an appellate court could set aside an order of the lower court granting a new trial to a defendant in a criminal case. *Reed v. State*, 516 S.W.2d 680, 682 (Tex.Crim.App. 1974). However, as explained in *State v. Daniels*, 761 S.W.2d 42, 44 (Tex.App.—Austin 1988, pet. ref'd), the State now has a right to appeal, Tex. Const. art. V, § 26, and article 44.01(a)(3) expressly authorizes appeal of an order granting a defendant a new trial. Tex.Code Crim.Proc. Ann. art. 44.01(a)(3) (Vernon Supp.1993). Thus, the cause is properly before this Court. Moreover, the rule that, absent clerical error, an order

cannot be rescinded has now been severely questioned. *Rodriguez*, 852 S.W.2d at 518–19. The Court of Criminal Appeals in *Rodriguez* refused to extend the rule and noted that the view of a majority of the states is that a trial court does have the power to rescind its order granting a new trial in a criminal case. *Id.* Moreover, the Court of Criminal Appeals has held this year that an abuse of discretion is the proper standard of appellate review when the State appeals from an order granting a new trial under article 44.-01(a)(3) of the Texas Code of Criminal Procedure. *State v. Gonzalez*, 855 S.W.2d 692, 696 (Tex.Crim.App.1993). We do not deem *Moore* controlling in the instant case.

(3) the materiality of the evidence is such as would probably bring about different result in another trial; and

(4) the evidence is admissible and not merely cumulative, corroborative, collateral or impeaching.

*Drew,* 743 S.W.2d at 226; *Tate v. State,* 834 S.W.2d 566, 570 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd); *Ramirez,* 830 S.W.2d at 828.

Appellant's motion was brought under Texas Rule of Appellate Procedure 30(b)(6). It alleged conclusions that new, exculpatory evidence material to appellant had been discovered since the trial that was unknown to defense counsel. The motion did not set forth the new evidence except as to its general nature, nor did it disclose its source or name the witness by whom the facts could be established. There was no allegation that the discovery was not due to a lack of diligence. *See* 25 Tex.Jur.3d *Criminal Law* § 3547, at 468–69 (1983). There was a verification by appellant's counsel, but there was no affidavit of the movant or of any witness. Absent the affidavit and the failure to account for its absence, the motion was insufficient. *Chamberland v. State,* 338 S.W.2d 726, 728 (Tex.Crim.App.1960). To avoid fishing expeditions, the motion for new trial should be supported by an affidavit showing the truth of the grounds of attack. *Reyes v. State,* 849 S.W.2d 812, 816 (Tex. Crim.App.1993); *McIntire v. State,* 698 S.W.2d 652, 658 (Tex.Crim.App.1985), particularly where the matters alleged are not determined from the record. *Id.*

When a motion for new trial raises matters not determinable from the record, the trial court abuses its discretion in failing to hold a hearing pursuant to Rule 31(d) of the Texas Rules of Appellate Procedure. *Gonzalez,* 855 S.W.2d at 695; *Reyes,* 849 S.W.2d at 816. The hearing requirement provides either party an opportunity to develop a record for appellate review should either party elect to appeal the decision on the motion for new trial. *Gonzalez,* 855 S.W.2d at 695.

The trial court, having considered the motion sufficient to act upon, erred in granting the motion for new trial based on newly discovered evidence without conducting a hearing, eliminating appellant's burden of proof where the matters were not determinable from the record. Point of error two is sustained.

In its third point of error, the State contends that the "trial court erred in imposing an illegal sentence on appellee." The State notes that it has a right to appeal a sentence that is illegal. TEX.CODE CRIM. PROC.ANN. art. 44.01(b) (Vernon Supp.1993). This is true, but the State did not give notice of appeal on this basis. The notice of appeal is limited to the trial court's order granting the motion for new trial. The third point of error is not properly presented, and the appeal on the third point of error is dismissed. In our discussion of the first two points of error, we have observed that the trial court's action in granting deferred adjudication was, under the circumstances, erroneous.

To recapitulate, the trial court had no authority under the law to grant deferred adjudication under the circumstances presented. Having done so, the trial court should not have entertained the motion for new trial. Appellee had no right to a new trial at the time, and the trial court did not have the authority to grant him a new trial. If it can be argued otherwise, the trial court abused its discretion in granting the motion for new trial both on the grounds of newly discovered evidence and insufficient evidence to sustain the conviction.

The State's first two points of error are sustained. The appeal based on the third point of error is dismissed. The order granting a new trial is reversed and the cause is remanded to the trial court for action consistent with this opinion.