TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00779-CR







Clarence Leroy Hammack, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 47,310, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING






PER CURIAM

Clarence Leroy Hammack pleaded guilty to an indictment accusing him of misapplication
of fiduciary property. Tex. Penal Code Ann. § 32.45(b) (West 1994). The district court found that the
evidence substantiated Hammack's guilt, deferred further proceedings, and placed him on community
supervision. Hammack appeals from this order. See Dillehey v. State, 815 S.W.2d 623, 626 (Tex. Crim.
App. 1991); Tex. Code Crim. Proc. Ann. art. 44.01(j) (West Supp. 1998).

The State moves to dismiss the appeal, arguing that this Court is without jurisdiction
because Hammack did not timely perfect the appeal. Finding the State's contention to be correct, we will
grant the motion and dismiss the appeal.

On August 21, 1997, the district court announced in open court that it would defer
adjudication and place Hammack on community supervision. The court signed the order to that effect on
August 25. On August 27, Hammack filed a motion for new trial. This motion was overruled after a
hearing September 19, 1997. Notice of appeal was filed on November 18, 1997.

A defendant must file his notice of appeal "(1) within 30 days after the day sentence is
imposed or suspended in open court, or after the day the trial court enters an appealable order; or (2)
within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files
a motion for new trial." Tex. R. App. P. 26.2(a) (former Tex. R. App. P. 41(b)(1)). (1) "New trial means
the rehearing of a criminal action after the trial court has, on the defendant's motion, set aside a finding or
verdict of guilt." Tex. R. App. P. 21.1 (former Tex. R. App. P. 30(a)). A defendant must file his motion
for new trial "no later than 30 days after the date when the trial court imposes or suspends sentence in open
court." Tex. R. App. P. 21.4(a) (former Tex. R. App. P. 31(a)(1)).

A judgment is the written declaration of the court signed by the trial judge and entered of
record showing the conviction or acquittal of the defendant. Tex. Code Crim. Proc. Ann. art. 42.01, § 1
(West Supp. 1998). The sentence is that part of the judgment that orders that the punishment be carried
into execution. Tex. Code Crim. Proc. Ann. art. 42.02 (West Supp. 1998). There can be no judgment
in a deferred adjudication proceeding because there is no conviction. See Tex. Code Crim. Proc. Ann.
art. 42.12, § 5(a) (West Supp. 1998). Similarly, there can be no imposition or suspension of sentence
because no punishment is assessed. Because there is no finding or verdict of guilt, and no imposition or
suspension of sentence, rules 21.1 and 21.4 do not apply to a deferred adjudication proceeding. See State
v. Davenport, 866 S.W.2d 767, 770 (Tex. App.--San Antonio 1993, no pet.).

In order to perfect an appeal from the deferred adjudication order, Hammack was required
to file his notice of appeal within thirty days after the order was rendered on August 21 (if rule 26.2(a)(1)
applies) or signed on August 25 (if former rule 41(b)(1) applies). (2) Hammack was not entitled to move for
a new trial following the district court's decision to defer adjudication, and his motion for new trial was a
nullity. Davenport, 866 S.W.2d at 770. The filing of the motion for new trial did not extend the time for
filing notice of appeal under either rule 26.2(a)(2) or former rule 41(b)(1).

Hammack's notice of appeal was not timely filed. We lack jurisdiction to dispose of the
purported appeal in any manner other than by dismissing it for want of jurisdiction. Olivo v. State, 918
S.W.2d 519, 523 (Tex. Crim. App. 1996); see Rodarte v. State, 860 S.W.2d 108 (Tex. Crim. App.
1993); Shute v. State, 744 S.W.2d 96 (Tex. Crim. App. 1988); Williams v. State, No. 03-97-00707-CR (Tex. App.--Austin Dec. 18, 1997, no pet.). The State's motion to dismiss is granted. 




The appeal is dismissed for want of jurisdiction.


Before Justices Powers, Kidd and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: February 26, 1998

Publish

1. The relevant events occurred both before and after the adoption of the new rules of appellate
procedure on September 1, 1997. With the exception noted below, the new rules and the former rules are
substantively identical insofar as they apply to this appeal. In this opinion, we will quote and cite the new
rules while parenthetically citing the corresponding former rule.

 

 Rule 26.2(a)(1) contains one substantive change from the former rule. Under former rule 41(b)(1),
the time for filing a notice of appeal from an appealable order began to run on the day the order was
signed, rather than on the day it was entered.
2. We assume that the word "enters," as used in rule 26.2(a)(1), refers to the judicial act of rendering
the order in open court, rather than to the ministerial act of recording the order in the minutes of the court. 
See State v. Rosenbaum, 818 S.W.2d 398, 401 (Tex. Crim. App. 1991). 


Supp. 1998).

The State moves to dismiss the appeal, arguing that this Court is without jurisdiction
because Hammack did not timely perfect the appeal. Finding the State's contention to be correct, we will
grant the motion and dismiss the appeal.

On August 21, 1997, the district court announced in open court that it would defer
adjudication and place Hammack on community supervision. The court signed the order to that effect on
August 25. On August 27, Hammack filed a motion for new trial. This motion was overruled after a
hearing September 19, 1997. Notice of appeal was filed on November 18, 1997.

A defendant must file his notice of appeal "(1) within 30 days after the day sentence is
imposed or suspended in open court, or after the day the trial court enters an appealable order; or (2)
within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files
a motion for new trial." Tex. R. App. P. 26.2(a) (former Tex. R. App. P. 41(b)(1)). (1) "New trial means
the rehearing of a criminal action after the trial court has, on the defendant's motion, set aside a finding or
verdict of guilt." Tex. R. App. P. 21.1 (former Tex. R. App. P. 30(a)). A defendant must file his motion
for new trial "no later than 30 days after the date when the trial court imposes or suspends sentence in open
court." Tex. R. App. P. 21.4(a) (former Tex. R. App. P. 31(a)(1)).

A judgment is the written declaration of the court signed by the trial judge and entered of
record showing the conviction or acquittal of the defendant. Tex. Code Crim. Proc. Ann. art. 42.01, § 1
(West Supp. 1998). The sentence is that part of the judgment that orders that the punishment be carried
into execution. Tex. Code Crim. Proc. Ann. art. 42.02 (West Supp. 1998). There can be no judgment
in a deferred adjudication proceeding because there is no conviction. See Tex. Code Crim. Proc. Ann.
art. 42.12, § 5(a) (West Supp. 1998). Similarly, there can be no imposition or suspension of sentence
because no punishment is assessed. Because there is no finding or verdict of guilt, and no imposition or
suspension of sentence, rules 21.1 and 21.4 do not apply to a deferred adjudication proceeding. See State
v. Davenport, 866 S.W.2d 767, 770 (Tex. App.--San Antonio 1993, no pet.).

In order to perfect an appeal from the deferred adjudication order, Hammack was required
to file his notice of appeal within thirty days after the order was rendered on August 21 (if rule 26.2(a)(1)
applies) or signed on August 25 (if former rule 41(b)(1) applies). (2) Hammack was not entitled to move for
a new trial following the district court's decision to defer adjudication, and his motion for new trial was a
nullity. Davenport, 866 S.W.2d at 770. The filing of the motion for new trial did not extend the time for
filing notice of appeal under either rule 26.2(a)(2) or former rule 41(b)(1).

Hammack's notice of appeal was not timely filed. We lack jurisdiction to dispose of the