TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00615-CR






Carol Ann Davis, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY


NO. 480735, HONORABLE DAVID CRAIN, JUDGE PRESIDING







A jury found appellant Carol Ann Davis guilty of engaging in the business of an
investigations company without a license. See Private Investigators and Private Security Agencies
Act, 65th Leg., R.S., ch. 746, § 5, 1977 Tex. Gen. Laws 1871, 1873 (Tex. Rev. Civ. Stat. Ann.
art. 4413(29bb), § 13(a), since repealed and codified at Tex. Occ. Code Ann. § 1702.101 (West
2000)). The court assessed punishment at incarceration for one year and a $4000 fine, but
suspended imposition of sentence and placed appellant on community supervision. See id., 69th
Leg., R.S., ch. 532, § 3, 1985 Tex. Gen. Laws 2135, 2136 (Tex. Rev. Civ. Stat. Ann. art.
4413(29bb), § 44(c), since repealed and codified at Tex. Occ. Code Ann. § 1702.388 (West
2000)). We will affirm.

The events giving rise to this prosecution took place in July and August 1995. At
that time, appellant was employed as a clerk in the office of Betty Homminga, a Houston attorney. 
One of Homminga's clients was Carla Roberson, who was in the midst of a child custody dispute
with her former husband. Roberson testified that she hired appellant, without Homminga's
knowledge, to watch her husband for the purpose of obtaining information that might help her in
the child-custody matter. Roberson paid appellant $36,000 for this service. Appellant, who was
engaged to and later married a Department of Public Safety trooper, hired two other troopers,
Ronnie Porter and Barry Washington, to conduct the surveillance when not on duty. Appellant
was not a licensed private investigator or private investigations company. Appellant does not
challenge the sufficiency of the evidence to sustain the conviction.

Appellant contends the trial court fundamentally erred by failing to instruct the jury
on the "attorney exception" to the licensing requirement. See id., 64th Leg., R.S., ch. 494, § 1,
1975 Tex. Gen. Laws. 1312, 1315 (Tex. Rev. Civ. Stat. Ann. art. 4413(29bb), § 3(a)(5), since
repealed and codified at Tex. Occ. Code Ann. § 1702.324 (West 2000)) (act does not apply to "an
attorney-at-law in performing his duties"). Section 3(a)(5) permits an attorney to perform the type
of investigatory work normally required in the course of rendering legal services, such as
discovery of evidence, witnesses, and facts, without being licensed as a private investigator. See
Tex. Att'y Gen. LO98-005 (1998). Several State's witnesses, including the chief investigator for
the Texas Board of Private Investigators and Private Security Agencies, testified that a person
employed exclusively by an attorney may conduct investigations for the attorney without being
licensed. Appellant, who is not an attorney, testified that the surveillance of Roberson's husband
was carried out pursuant to Homminga's instructions, and she insisted that both she and the
officers were employed and supervised by Homminga.

Assuming that section 3(a)(5) applies to persons employed by an attorney and
assuming further that the evidence raised an issue as to whether appellant's conduct was within
the scope of section 3(a)(5), no error is presented. Appellant did not request the instruction or
object to its absence. A trial court is under no duty to instruct on unrequested defensive issues. 
See Posey v. State, 966 S.W.2d 57, 60 (Tex. Crim. App. 1998); see also Tex. Penal Code
Ann. § 2.03(e) (West 1994) (ground of defense in penal law that is not plainly labeled as such has
procedural and evidentiary consequences of defense). Point of error four is overruled.

By three points of error, appellant contends the trial court should have granted her
motion for new trial based on newly discovered evidence. "A new trial shall be granted an
accused where material evidence favorable to the accused has been discovered since trial." Tex.
Code Crim. Proc. Ann. art. 40.001 (West Supp. 2000). To obtain a new trial on this ground, a
movant must show: (1) the evidence was unknown to the movant at the time of trial; (2) the
movant's failure to discover the evidence was not due to a lack of diligence; (3) the evidence is
admissible and not merely cumulative, corroborative, collateral, or impeaching; and (4) the
evidence is probably true and would probably bring about a different result in another trial. See
Moore v. State, 882 S.W.2d 844, 849 (Tex. Crim. App. 1994); Driggers v. State, 940 S.W.2d
699, 708 (Tex. App.--Texarkana 1996, pet. ref'd). Motions for new trial based on newly
discovered evidence are not favored by the courts and are viewed with great caution. See Drew
v. State, 743 S.W.2d 207, 225-26 (Tex. Crim. App. 1987); State v. Davenport; 866 S.W.2d 767,
771 (Tex. App.--San Antonio 1993, no pet.). The standard of review for the denial of a motion
for new trial based on newly discovered evidence is abuse of discretion. See Lewis v. State, 911
S.W.2d 1, 7 (Tex. Crim. App. 1995); State v. Gonzalez, 855 S.W.2d 692, 696 (Tex. Crim. App.
1993).

The newly discovered evidence is the court reporter's record of the September 1995
hearing on Carla Roberson's motion to modify child custody held in the 123rd Judicial District
Court of Panola County. This record was admitted in evidence at the new trial hearing. 
Appellant draws our attention to Barry Washington's testimony at the custody hearing. 
Washington, one of the troopers hired to watch Roberson's former husband, was questioned by
Roberson's attorney, Homminga, about various traffic offenses committed by Roberson's husband
that Washington witnessed during the course of the surveillance. During this questioning,
Homminga asked Washington, "And with regard to being retained by me to make these
observations, did you -- were you paid for your personal services and for your time?" The officer
answered, "Yes." During cross-examination, Washington was asked who hired him to watch
Roberson's former husband. He answered, "Ms. Homminga did." Asked by the court to explain
the basis for Washington's testimony, Homminga replied, "We retained him for the purposes of
making these observations." Appellant urges that these excerpts from the custody hearing record
demonstrate that Homminga and Roberson lied when they testified at appellant's trial that
Roberson hired appellant to watch her husband without Homminga's knowledge, and that
Washington lied when he testified that he was hired by appellant. 

Homminga's questions and her statements to the court at the custody hearing,
considered as evidence of the truth of the matters stated, are objectionable as hearsay. See Tex.
R. Evid. 801(d). At appellant's trial, they would have been admissible only to impeach
Homminga's testimony. See Tex. R. Evid. 613(a). The discovery of new evidence that merely
impeaches trial testimony is not grounds for a new trial. See Moore, 882 S.W.2d at 849.

Washington's testimony at the custody hearing was given under oath, and therefore
is not hearsay. See Tex. R. Evid. 801(e)(1)(A). The trial court could reasonably conclude,
however, that this evidence was cumulative and would not bring about a different result in a new
trial. Washington testified at appellant's trial that he was told by appellant that she was acting as
Homminga's agent, and that he originally believed that Homminga was his employer. His written
request for departmental approval of his outside employment, admitted in evidence, identified
Homminga as his employer. Washington testified that he did not begin to suspect that he had been
misled by appellant until later, when appellant asked him for his social security number for tax
purposes. At the new trial hearing, Washington said that his testimony at the custody hearing,
which was only two months after he had been hired to watch Roberson's husband, reflected his
initial misunderstanding of the situation. 

Viewed in light of the whole case, the passages from the custody hearing relied on
by appellant are merely impeaching or cumulative of other trial evidence, and would not likely
produce a different result at a new trial. See Jones v. State, 711 S.W.2d 35, 37 (Tex. Crim. App.
1986); Elledge v. State, 890 S.W.2d 843, 846 (Tex. App.--Austin 1994, pet. ref'd). In addition,
appellant was working in Homminga's office in September 1995 when the custody hearing was
held and, by her own testimony, was familiar with the details of Roberson's motion to modify
custody. The county court at law could reasonably have concluded that appellant failed to use due
diligence to obtain the custody hearing record prior to her trial in January 1999.

Appellant asserts that there is other newly discovered evidence showing that
Roberson's trial testimony was false and misleading. Roberson testified that she established a
charitable foundation with a portion of the money she received in a wrongful death action. She
also stated that she owned a horse farm near Nacogdoches. Appellant contends she learned after
her trial that the foundation was "dissolved" in September 1997 and the horse farm was
"forfeited" in February 1998. This alleged new evidence was not mentioned in appellant's motion
for new trial or presented to the court at the new trial hearing. The asserted facts are not in the
record before us. Even if true, these facts relate to collateral matters having nothing to do with
appellant's guilt of the charged offense. 

For the reasons stated, the county court at law did not abuse its discretion by
overruling appellant's motion for new trial. Points of error one, two, and three are overruled.

In points of error five and six, appellant contends the trial court should have
ordered a new trial in the interest of justice because misconduct by the prosecutor and his
"prosecution team" deprived her of her right to a fair trial under the United States and Texas
constitutions. See U.S. Const. amend XIV; Tex. Const. art. I, § 10; see also State v. Gonzalez,
855 S.W.2d at 694 (trial court may grant new trial in interest of justice). It is appellant's
contention that Homminga, Roberson, and another Houston attorney, Leonard Bradt, conspired
against appellant for their financial gain, that the prosecutor improperly "bolstered" the testimony
of these and other witnesses, and that the State failed to disclose the "exculpatory testimony" by
members of the "prosecution team" at the Panola County custody hearing previously discussed.

Many of the facts cited by appellant as evidence of the conspiracy against her, such
as the details of Roberson's child-custody case, are not in the record before us. Other facts cited
by appellant are not facts at all, but merely assertions. For example, appellant states that the
Roberson custody litigation was Homminga's "career case" and for Roberson to prevail it was
necessary to discredit appellant. One fact cited by appellant was undisputed: Homminga wrote
an anonymous letter to the Department of Public Safety advising the department that appellant was
hiring off-duty troopers as unlicensed private investigators. This letter began the investigation that
resulted in appellant's prosecution. This letter may reflect an animus toward appellant on the part
of Homminga, but the jury was aware of the letter and was able to take it into consideration in
assessing the credibility of Homminga's testimony.

Appellant asserts that Homminga, Roberson, Bradt, and the State's other witnesses
were members of the "prosecution team," and therefore the State must have known about and
suppressed the allegedly exculpatory testimony at the Panola County custody hearing. See Brady
v. Maryland, 373 U.S. 83, 87 (1963) (suppression of material evidence favorable to accused
violates due process). Appellant cites no authority by which the State's witnesses are considered
part of the "prosecution team." There is no evidence before us that the State was aware of the
testimony at the Panola County proceeding before it was introduced in evidence at the hearing on
appellant's motion for new trial. Brady does not require the State to seek out exculpatory material
for use by the defendant. See Palmer v. State, 902 S.W.2d 561, 563 (Tex. App.--Houston [1st
Dist.] 1995, no pet.). Moreover, a Brady violation does not arise if the defendant could have
obtained the information at issue using reasonable diligence. See Jackson v. State, 552 S.W.2d
798, 804 (Tex. Crim. App. 1976).

Finally, appellant complains that the prosecutor improperly "bolstered" the State's
witnesses "by having them testify as to their achievements and length of time in service." 
Appellant refers to testimony by the various police officers regarding their length of service and
commendations, and to Homminga's testimony regarding her pro bono work. Appellant did not
object to this testimony. See Tex. R. App. P. 33.1.

Points of error five and six do not present reversible error. Assuming that the trial
court's failure to grant a new trial in the interest of justice is reviewable on appeal, no abuse of
discretion is shown. Points of error five and six are overruled.

Appellant's seventh point of error asks this Court to grant her a new trial in the
interest of justice, citing the evidence and arguments previously discussed. Motions for new trial
are properly addressed to the trial court. See Tex. R. App. P. 21.1. When the trial court
overrules a motion for new trial, our role as an appellate court is limited to a review of that
decision for an abuse of discretion. Point of error seven is overruled.

The judgment of conviction is affirmed.



 


 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: May 18, 2000

Do Not Publish



otion
for new trial or presented to the court at the new trial hearing. The asserted facts are not in the
record before us. Even if true, these facts relate to collateral matters having nothing to do with
appellant's guilt of the charged offense. 

For the reasons stated, the county court at law did not abuse its discretion by
overruling appellant's motion for new trial. Points of error one, two, and three are overruled.

In points of error five and six, appellant contends the trial court should have
ordered a new trial in the interest of justice because misconduct by the prosecutor and his
"prosecution team" deprived her of her right to a fair trial under the United States and Texas
constitutions. See U.S. Const. amend XIV; Tex. Const. art. I, § 10; see also State v. Gonzalez,
855 S.W.2d at 694 (trial court may grant new trial in interest of justice). It is appellant's
contention that Homminga, Roberson, and another Houston attorney, Leonard Bradt, conspired
against appellant for their financial gain, that the prosecutor improperly "bolstered" the testimony
of these and other witnesses, and that the State failed to disclose the "exculpatory testimony" by
members of the "prosecution team" at the Panola County custody hearing previously discussed.

Many of the facts cited by appellant as evidence of the conspiracy against her, such
as the details of Roberson's child-custody case, are not in the record before us. Other facts cited
by appellant are not facts at all, but merely assertions. For example, appellant states that the
Roberson custody litigation was Homminga's "career case" and for Roberson to prevail it was
necessary to discredit appellant. One fact cited by appellant was undisputed: Homminga wrote
an anonymous letter to the Department of Public Safety advising the department that appellant was
hiring off-duty troopers as unlicensed private investigators. This letter began the investigation that
resulted in appellant's prosecution. This letter may reflect an animus toward appellant on the part
of Homminga, but the jury was aware of the letter and was able to take it into consideration in
assessing the credibility of Homminga's testimony.

Appellant asserts that Homminga, Roberson, Bradt, and the State's other witnesses
were members of the "prosecution team," and therefore the State must have known about and
suppressed the allegedly exculpatory testimony at the Panola County custody hearing. See Brady
v. Maryland, 373 U.S. 83, 87 (1963) (suppression of material evidence favorable to accused
violates due process). Appellant cites no authority by which the State's witnesses are considered
part of the "prosecution team." There is no evidence before us that the State was aware of the
testimony at the Panola County proceeding before it was introduced in evidence at the hearing on
appellant's motion for new trial. Brady does not require the State to seek out exculpatory material
for use by the defendant. See Palmer v. State, 902 S.W.2d 561, 563 (Tex. App.--Houston [1st
Dist.] 1995, no pet.). Moreover, a Brady violation does not arise if the defendant could have
obtained the information at issue using reasonable diligence. See Jackson v. State, 552 S.W.2d
798, 804 (Tex. Crim. App. 1976).

Finally, appellant complains that the prosecutor improperly "bolstered" the State's
witnesses "by having them testify as to their achievements and length of time in service." 
Appellant refers to testimony by the various police officers regarding their length of service and
commendations, and to Homminga's testimony regarding her pro bono work. Appellant did not
object to this testimony. See Tex. R. App. P. 33.1.

Points of error five and six do not present reversible error. Assuming that the trial
court's failure to grant a new trial in the interest of justice is reviewable on appeal, no abuse of
discretion is shown. Points of error five and six are overruled.

Appellant's seventh point of error asks this Court to grant her a new trial in the
interest of justice, citing the evidence and arguments previously discussed. Mo