# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00216-CR

**The State of Texas, Appellant**

**v.**

**Kathryn Lankford, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT NO. A-00-0867-S, HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING

The State of Texas appeals from the trial court's order granting Kathryn Lankford a new trial. We will reverse and remand.

Lankford was charged with aggravated sexual assault of a child. *See* Tex. Penal Code Ann. § 22.021(a)(1)(B)(i), (2)(B) (West Supp. 2001). It was alleged that Lankford "intentionally and knowingly caused the penetration of the female sexual organ of A.M., a child who was then and there younger than 14 years of age and not the spouse of the Defendant, by means of encouraging and aiding S.K. to have sexual intercourse with the said A.M." Lankford entered a guilty plea pursuant to a plea-bargain agreement; she was granted deferred adjudication for a term of five years and placed on community supervision.

While still represented by trial counsel, Lankford sent a letter to the trial judge requesting the court's permission to appeal. The trial court set and conducted a hearing on the defendant's motion requesting permission to appeal. At the hearing, the trial court admonished

Lankford concerning her right and the limitations of an appeal. In addition, the trial court told Lankford that if she requested a new trial, it would be granted. Lankford orally requested a new trial. Over the State's objection, the court granted Lankford a new trial. The State gave notice of appeal.

The State presents four points of error: (1) the trial court had lost jurisdiction of the case and therefore could not grant a new trial; (2) the trial court abused its discretion by *sua sponte* granting a new trial after soliciting an oral motion for new trial from the defendant; (3) the trial judge abused his discretion by failing to adhere to the procedural and notice requirements of Rules 21.5 and 21.7 of the Texas Rules of Appellate Procedure; and (4) the trial judge abused his discretion by granting a new trial based on an oral, unsworn motion, unsupported by affidavit. Lankford, in her appellate brief, opposes each of the State's points of error.

Both parties and the trial court have overlooked this Court's decision that motions for new trial cannot be granted to defendants who have received deferred adjudication. *See Hammack v. State*, 963 S.W.2d 199 (Tex. App.—Austin 1998, no pet.); *accord State v. Davenport*, 866 S.W.2d 767 (Tex. App.—San Antonio 1993, no pet.).

> [W]hen in the judge's opinion the best interest of society and the defendant will be served, the judge may, *after receiving a plea of guilty*, . . . hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings *without entering an adjudication of guilt*, and place the defendant on community supervision.

Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 2001) (emphasis added). "*New trial* means the rehearing of a criminal action *after the trial court has*, on the defendant's motion, *set aside a finding or verdict of guilt*." Tex. R. App. P. 21.1 (emphasis added). In *Davenport*, the court noted:

"We, however, find no provision in article 42.12 or elsewhere that gives a defendant placed on deferred adjudication . . . the right to pursue a motion for new trial." *Davenport*, 866 S.W.2d at 770.

Lankford was not entitled to move for a new trial following the district court's decision to defer adjudication, and her motion for new trial was a nullity. *See Hammack*, 963 S.W.2d at 200-01; *Davenport*, 866 S.W.2d at 770. Because a recipient of deferred adjudication is not entitled to pursue a motion for new trial, the trial court abused its discretion in granting Lankford's motion for new trial.

The trial court's order granting Lankford a new trial is reversed and the cause is remanded to the district court for proceedings consistent with this opinion.

 

 

_____

_____Carl E. F. Dally, Justice

Before Justices B. A. Smith, Puryear and Dally[*]

Reversed and Remanded

Filed:  August 30, 2001

Do Not Publish

3

Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).