NO. 07-02-0505-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MAY 27, 2003


______________________________



WENDELL L. SIMPSON
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-438,539; HON. BRADLEY UNDERWOOD, PRESIDING


_______________________________





Memorandum Opinion


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 In three issues, appellant Wendell L. Simpson attempts to appeal from an order
deferring his adjudication and placing him on community supervision for seven years. He
had pled guilty to the offense of indecency with a child, and the trial court signed its order
deferring the adjudication of his guilt and placing him on community supervision on October
16, 2002. On October 29, 2002, appellant moved for a new trial. The motion was
overruled on November 29, 2002. Appellant then filed his notice of appeal on December 
5, 2002. We dismiss for want of jurisdiction.

 A notice of appeal must be filed within 30 days after the day sentence is imposed
or suspended in open court or within 90 days if the defendant timely files a motion for new
trial. Tex. R. App. P. 26.2(a). In this instance, appellant did file a motion for new trial, which
would ordinarily make his notice of appeal timely. 

 However, a motion for new trial is not available as a remedy for a defendant who
receives deferred adjudication. Donovan v. State, 68 S.W.3d 633, 638 (Tex. Crim. App.
2002); Murray v. State, 89 S.W.3d 187, 188 (Tex. App.--Dallas 2002, pet. ref'd). That is
so because a new trial is a rehearing of a criminal action after the trial court has set aside
a finding or verdict of guilt. Tex. R. App. P. 21.1. Furthermore, there is neither a finding or
verdict of guilty nor an imposition or suspension of a sentence when the adjudication of
guilt is deferred. Garcia v. State, 29 S.W.3d 899, 900 (Tex. App.--Houston [14th Dist.]
2000, no pet.); Hammack v. State, 963 S.W.2d 199, 200 (Tex. App.--Austin 1998, no pet.). 
Thus, to perfect an appeal from an order deferring his adjudication, an appellant must
notice his appeal within 30 days after the order is signed. Murray v. State, 89 S.W.2d at
188; Garcia v. State, 29 S.W.3d at 901; Hammack v. State, 963 S.W.2d at 200. Because
appellant failed to do so here, we have no jurisdiction over the appeal. Olivo v. State, 918
S.W.2d 519, 522 (Tex. Crim. App. 1996); Rodman v. State, 47 S.W.3d 545, 548 (Tex.
App.--Amarillo 2000, no pet.). 

 Accordingly, we dismiss the appeal for want of jurisdiction. 


 Brian Quinn

 Justice

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2003). 



t the trial court erred when it took judicial
notice of testimony presented in Cause No. 2001-436,194, a cause involving another
prosecution by the State against Romo over which the same judge presided. In short, the
trial court was allegedly barred from taking such notice because doing so violated the rules
prohibiting consideration of hearsay. We overrule the issue.

 According to the Texas Court of Criminal Appeals, a trial court may take judicial
notice of evidence admitted at a criminal trial involving the same defendant and over which
the same judge presided. Moreno v. State, 22 S.W.3d 482, 488 (Tex. Crim. App. 1999)
(holding a court may take judicial notice of the evidence at a criminal trial and revoke
probation even if the defendant was acquitted); Barrientez v. State, 500 S.W.2d 474, 475
(Tex. Crim. App. 1973) (holding the trial court could take judicial notice of the evidence
introduced in a prior proceeding which was made the basis to revoke probation when the
judge was the same). This is true even though the accused objects on the basis of
hearsay and the purported denial of the right to confront the prior witnesses. Green v.
State, 528 S.W.2d 617, 618-19 (Tex. Crim. App. 1975). As previously mentioned, Cause
No. 2001-436,194 involved the same defendant, and the same judge presided over the
matter. Accordingly, the rules applicable to the admission of hearsay or the right to
confront one's accusers did not prevent the trial court from taking judicial notice of the
evidence in question. 

 Accordingly, the judgment is affirmed. 


 Brian Quinn

 Justice 

Do not publish. 

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused
shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI.
3. That opinion refers to another of this court's previous opinions styled Romo v. State, No. 07-02-0151-CR, 2003 Tex. App. lexis 3 (Tex. App.--Amarillo Jan. 2, 2003, no pet. h.). It too addressed the issue
before us, and therein we also overruled it.