NO. 07-02-0505-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MAY 27, 2003

_____

WENDELL L. SIMPSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-438,539; HON. BRADLEY UNDERWOOD, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

In three issues, appellant Wendell L. Simpson attempts to appeal from an order deferring his adjudication and placing him on community supervision for seven years. He had pled guilty to the offense of indecency with a child, and the trial court signed its order deferring the adjudication of his guilt and placing him on community supervision on October 16, 2002. On October 29, 2002, appellant moved for a new trial. The motion was

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

overruled on November 29, 2002. Appellant then filed his notice of appeal on December 5, 2002. We dismiss for want of jurisdiction.

A notice of appeal must be filed within 30 days after the day sentence is imposed or suspended in open court or within 90 days if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a). In this instance, appellant did file a motion for new trial, which would ordinarily make his notice of appeal timely.

However, a motion for new trial is not available as a remedy for a defendant who receives deferred adjudication. *Donovan v. State,* 68 S.W.3d 633, 638 (Tex. Crim. App. 2002); *Murray v. State,* 89 S.W.3d 187, 188 (Tex. App.--Dallas 2002, pet. ref'd). That is so because a new trial is a rehearing of a criminal action after the trial court has set aside a finding or verdict of guilt. TEX. R. APP. P. 21.1. Furthermore, there is neither a finding or verdict of guilty nor an imposition or suspension of a sentence when the adjudication of guilt is deferred. *Garcia v. State,* 29 S.W.3d 899, 900 (Tex. App.--Houston [14th Dist.] 2000, no pet.); *Hammack v. State,* 963 S.W.2d 199, 200 (Tex. App.--Austin 1998, no pet.). Thus, to perfect an appeal from an order deferring his adjudication, an appellant must notice his appeal within 30 days after the order is signed. *Murray v. State*, 89 S.W.2d at 188; *Garcia v. State,* 29 S.W.3d at 901; *Hammack v. State,* 963 S.W.2d at 200. Because appellant failed to do so here, we have no jurisdiction over the appeal. *Olivo v. State,* 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *Rodman v. State,* 47 S.W.3d 545, 548 (Tex. App.--Amarillo 2000, no pet.).

Accordingly, we dismiss the appeal for want of jurisdiction.

Brian Quinn
Justice

Do not publish.

2