COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-182-CR
  
  
WILLIAM JOSEPH BELL                                                          APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM THE 213TH DISTRICT COURT OF 
TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        William 
Joseph Bell is attempting to appeal his deferred adjudication community 
supervision for possession of methamphetamine.  Appellant’s notice of 
appeal was due on February 4, 2004,[2] but was not 
filed until April 19, 2004, and appellant did not file a motion to extend his 
filing deadline.  See Tex. R. 
App. P. 26.2(a)(1), 26.3.  Therefore, the notice was untimely, and 
we lack jurisdiction over the appeal. Slaton v. State, 981 S.W.2d 208, 
210 (Tex. Crim. App. 1998); Olivo v. State, 918 S.W.2d 519, 522 (Tex. 
Crim. App. 1996).  Further, appellant has not responded to our jurisdiction 
letter.  Accordingly, we dismiss the appeal for want of jurisdiction.
  
  
                                                                  PER 
CURIAM
  
 
PANEL D:   CAYCE, 
C.J.; LIVINGSTON and DAUPHINOT, JJ.
 
DO NOT PUBLISH
Tex. R. 
App. P. 47.2(b)
 
DELIVERED: July 1, 2004


NOTES
1.  See Tex. R. App. P. 47.4.
2.  A motion for new trial is not 
available at the time adjudication of guilt is deferred; therefore, the filing 
of a motion for new trial in a deferred adjudication case does not extend the 
appellate deadline under Tex. R. App. P. 
26.2(a)(2). See Donovan v. State, 68 S.W.3d 633, 636 (Tex. Crim. App. 
2002); Garcia v. State, 29 S.W.3d 899, 900-01 (Tex. App.—Houston [14th 
Dist.] 2000, no pet.); Hammack v. State, 963 S.W.2d 199, 200-01 (Tex. 
App.—Austin 1998, no pet.).