BELL V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-182-CR

WILLIAM JOSEPH BELL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

William Joseph Bell is attempting to appeal his deferred adjudication community supervision for possession of methamphetamine.  Appellant’s notice of appeal was due on February 4, 2004,
(footnote: 2) but was not filed until April 19, 2004, and appellant did not file a motion to extend his filing deadline.  
See
 
Tex. R. App. P.
 26.2(a)(1), 26.3.  Therefore, the notice was untimely, and we lack jurisdiction over the appeal.  
Slaton v. State,
 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); 
Olivo v. State,
 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Further, appellant has not responded to our jurisdiction letter.  Accordingly, we dismiss the appeal for want of jurisdiction.

PER CURIAM

PANEL D: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: July 1, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.

2:
A motion for new trial is not available at the time adjudication of guilt is deferred; therefore, the filing of a motion for new trial in a deferred adjudication case does not extend the appellate deadline under 
Tex. R. App. P.
 26.2(a)(2).
  
See Donovan v. State,
 68 S.W.3d 633, 636 (Tex. Crim. App. 2002); 
Garcia v. State,
 29 S.W.3d 899, 900-01 (Tex. App.—Houston [14
th
 Dist.] 2000, no pet.); 
Hammack v. State,
 963 S.W.2d 199, 200-01 (Tex. App.—Austin 1998, no pet.).