**AFFIRM AS MODIFIED; Opinion Filed July 21, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01493-CR**

**DELVRON TURNER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F13-60042-R**

## MEMORANDUM OPINION ON REMAND

Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Schenck

The case is before us is on remand from the Texas Court of Criminal Appeals.

In our original opinion, we held a portion of a $25 time payment fee assessed as part

of the court costs under section 133.103 of the Local Government Code was facially

unconstitutional. The State filed a petition for discretionary review with the court

of criminal appeals. That court recently handed down its opinion in *Dulin v. State*,

620 S.W.3d 129 (Tex. Crim. App. 2021), in which the court held that the time

payment fee was assessed prematurely because the pendency of an appeal suspends

the obligation to pay court costs. Accordingly, in this case, the court of criminal

appeals refused the State's petition and instead granted review on its own motion of

the following restated question: Should the "Time Payment Fee" be struck as prematurely assessed? The court then vacated our judgment and remanded this case to us for consideration of that question in light of *Dulin*.

We affirm the judgment as modified below. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

Appellant was charged by indictment with the offense of aggravated robbery with a deadly weapon. On December 18, 2013, appellant entered into a plea bargain agreement with the State. The trial court accepted appellant's plea and judicial confession and placed appellant on deferred adjudication community supervision for a period of six years.

On December 1, 2017, the State filed a third motion to proceed with an adjudication of guilt, and later on November 4, 2019, the State filed an amended motion.[1] The trial court conducted a hearing on the State's amended motion at which appellant entered a plea of true to all allegations with the exception of the allegation he failed to complete community services hours as directed (allegation L). The trial court admitted appellant's written plea of true and judicial confession. The trial court also took judicial notice of the contents of the court's file. The trial court found

---

[1] On July 11, 2014, the State filed its first motion to proceed with an adjudication of guilt and later filed an amended motion on February 2, 2015, which it subsequently withdrew when the trial court entered an order modifying the conditions of community supervision. On September 24, 2015, the State filed a second motion, which the trial court denied, but the trial court also entered orders modifying the conditions of community supervision and extending the period of community supervision for one year.

appellant guilty of the charged offense, made an affirmative deadly-weapon finding, revoked his community supervision, and sentenced him to five years' confinement.

## DISCUSSION

As with our original opinion, the issues are whether a portion of the time payment fee is facially unconstitutional and whether the judgment should be modified to reflect the community-supervision conditions he was found to have violated.

In his first issue, appellant contends a portion of a $25 time payment fee assessed as part of the court costs in the arson case under section 133.103 of the Local Government Code is facially unconstitutional.

Section 133.103 provides for a time payment fee to be assessed if a defendant who has been convicted of a felony or misdemeanor pays some or all of his fine, court costs, or restitution on or after the 31st day after the date on which a judgment is entered assessing the fine, court costs, or restitution. *See* TEX. LOC. GOV'T CODE ANN. § 133.103. Section 133.101 provides a person is considered to have been "convicted" if the person receives deferred adjudication, as appellant did here. *See id.* § 133.101. The record contains an itemized bill of costs that indicates appellant was assessed various costs and fees on December 18, 2013, the day the order of adjudication was entered, and that he was assessed a time payment fee thirty-one days later on January 17, 2014. However, an order of deferred adjudication is not a "judgment," and thus we conclude that the time payment fee was prematurely

assessed on January 17, 2014.  *See id.* § 133.103; *see also Labib v. State*, 239 S.W.3d 322, 330 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (holding trial court may not hear motion in arrest of judgment while defendant on deferred adjudication "because, simply put, there is no judgment to arrest."); *Hammack v. State*, 963 S.W.2d 199, 200 (Tex. App.—Austin 1998, no pet.) (per curiam) (holding no judgment in deferred adjudication because no conviction).

Appellant filed his notice of appeal on December 2, 2019, less than thirty days after the judgment was signed on November 25, 2019.  As noted by the court of criminal appeals, the pendency of an appeal stops the clock for purposes of the time payment fee.  *See Dulin*, 620 S.W.3d at 133.  Consequently, the assessment of the time payment fees in appellant's case is premature, and the fees should be struck in their entirety, without prejudice to them being assessed later if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution that he owes.  *See id.*

We have the authority to modify the trial court's judgment to make the record speak the truth.  TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1991).  Accordingly, we modify the trial court's judgment to reduce the total amount of court costs by $25 to strike the time payment fee.

In his second issue, appellant argues the judgment should be modified to reflect the community-supervision conditions he was found to violate.  The State's amended motion alleged appellant had violated conditions A, B, C, D, E, H, J, K, L,

–4–

N, and T. At the hearing, the State withdrew its allegation pertaining to condition L, and appellant entered pleas of true to the remaining alleged violations. The written judgment, however, lists condition L as one of the conditions appellant violated.

This Court has the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). Accordingly, we sustain appellant's second issue and modify the judgment to delete condition L from the judgment as a condition appellant violated.

## CONCLUSION

As modified, we affirm the trial court's judgment.

/David J. Schenck//
DAVID J. SCHENCK
JUSTICE

191493f.u05
DO NOT PUBLISH
Tex. R. App. P. 47



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DELVRON TURNER, Appellant

No. 05-19-01493-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas Trial Court Cause No. F13-60042-R. Opinion delivered by Justice Schenck. Justices Osborne and Partida-Kipness participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We modify the trial court's judgment to reduce the total amount of court costs by $25 to strike the time payment fee, without prejudice to them being assessed later if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution that he owes.

We modify the judgment to delete condition L from the judgment as a condition appellant violated.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 21st day of July, 2021.